

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **PATRICIA EVANS,**<br>　　　　**Employee**,<br><br>v.<br><br>**KROGER COMPANY,**<br>　　　　**Employer**. | **Docket No. 2025-60-2109**<br><br><br>**State File No. 90422-2024**<br><br><br>**Judge Joshua D. Baker** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

At a July 1, 2026 expedited hearing, Ms. Evans requested medical benefits for a left-knee condition that her authorized treating physician believes is unrelated to her work accident. Without expert medical evidence to rebut that opinion, she is unlikely to prevail at a compensation hearing. For this reason, the Court denies benefits.

### Claim History

Ms. Evans turned and twisted her left knee at work, feeling a pop and immediate pain. Kroger accepted her claim initially, and after an orthopedic referral, she selected Dr. William Kurtz from a panel.[1]

Dr. Kurtz diagnosed arthritis in Ms. Evans's left knee based on x-rays. He anticipated an MRI "will show severe bone-on-bone arthritis in the medial compartment." He further said that she "will likely have meniscus tears there as well, and she probably has had these meniscus tears for 10-20 years."

---

[1] This is the second expedited hearing in this claim, so the Choice of Physicians form and the medical record from Dr. Kurtz quoted as background here are both exhibits to the Court's previous order.

1

As he predicted, the MRI showed "moderate to severe medial compartment osteoarthritis and moderate lateral compartment osteoarthritis as well as a medial posterior root near complete tear."

Dr. Kurtz signed a causation questionnaire stating Ms. Evans's arthritis and need for treatment preexisted her work accident. After an expedited hearing, the Court denied benefits.

Since that decision, Ms. Evans treated under private insurance with two other doctors, but neither causally related her condition to her work accident. Dr. Lee Swiderek diagnosed IT band syndrome but did not relate it to her work. Dr. Gregg Motz gave essentially the same diagnosis but did not relate it to her work, either.

For its part, Kroger presented an updated causation questionnaire from Dr. Kurtz stating that Ms. Evans's arthritis, Baker's cyst, and IT band syndrome are not work-related and that the treatment she needs is unrelated to her work accident.

### Findings of Fact and Conclusions of Law

To receive benefits, Ms. Evans must prove she is likely to prevail at a compensation hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Prevailing at a compensation hearing means proving medical causation, a necessary element of a work-related injury. Except in the most obvious cases, proving causation requires a doctor's opinion. *Hedgecloth v. Cummins Engine Co.*, No. M2014-01274-SC-R3-WC, 2015 Tenn. LEXIS 623, at *21 (Tenn. Workers' Comp. Panel Aug. 7, 2015).

Ms. Evans contended her injury is obvious, implying a doctor's opinion is unnecessary. Certainly, Ms. Evans felt a pop and immediate pain at work. So, while she obviously had a work accident, it is not obvious that the work accident disabled her and requires medical treatment. In fact, Dr. Kurtz gave the opposite opinion, stating that none of her conditions relate to her work accident. His causation opinion is presumed correct. Tenn. Code Ann. § 50-6-102(12)(E) (2025).

Because Ms. Evans has no contrary medical opinion, she lacks proof of medical causation and is unlikely to prevail at a compensation hearing in her request for medical treatment.

**IT IS ORDERED** as follows:

1.  Ms. Evans's request for benefits is denied.

2.  The Court sets a **scheduling hearing for Monday, September 21, 2026, at 10:30 a.m. Central Time**. The parties must call (615) 741-2113 or (855) 874-0474 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED July 10, 2026.**

_____
**JUDGE JOSHUA D. BAKER**
**Court of Workers' Compensation Claims**

**APPENDIX**

*Exhibits:*

1.  Rule 72 declaration of Patricia Evans
2.  Questionnaire responses from Dr. William Kurtz, dated 5/11/26
3.  Medical record from Dr. Lee Swiderek dated 8/4/25
4.  Medical record from Dr. Gregg Motz dated 11/3/25
5.  Ultrasound results of left leg dated June 4, 2026

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as shown on July 10, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Patricia Evans, Employee | X | | ███████████ ███████████ |
| Gabi Jackson, Heather Douglas, Employer's Attorneys | | X | gjackson@manierherod.com hdouglas@manierherod.com sknack@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*